UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANDRES FRANQUI et al.,

    Plaintiffs,

vs.                              Case No.: 8:12-cv-01257-T-27MAP

LIBERTY MUTUAL FIRE
INSURANCE COMPANY,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** is Plaintiffs' Motion for Partial Summary Judgment (Dkt. 17), to which Defendant has responded in opposition (Dkt. 19). Upon consideration, the motion (Dkt. 17) is GRANTED *in part* and DENIED *in part*.

### *Introduction*

Plaintiffs allege that Liberty Mutual breached an insurance policy by refusing to pay for damage to their home allegedly caused by sinkhole or collapse activity. *See* Dkt. 2 ¶¶ 6, 9. Liberty Mutual answered the Complaint and filed a Counterclaim seeking a declaration of no coverage unless the loss includes "damage that impairs the structural integrity of the building." Dkt. 3 ¶ 40. Liberty Mutual's motion for summary judgment on the Counterclaim was denied. Dkts. 11, 15.

The Order denying Liberty Mutual's motion for summary judgment cited *Bay Farms Corp. v. Great American Alliance Insurance Co.*, 835 F. Supp. 2d 1227 (M.D. Fla. 2011), in which this Court determined that the definition of "structural damage" in § 627.706, *Florida Statutes*, cannot be applied retroactively. The Order also cited *Zawadzki v. Liberty Mutual Fire Insurance Co.*, 2012

WL 3656456 (M.D. Fla. Aug. 23, 2012), and *Ayres v. USAA Casualty Insurance Co.*, 2012 WL 1094321 (M.D. Fla. Apr. 2, 2012), both of which determined that the phrase "structural damage" should be read according to its plain meaning and defined as "damage to the structure," rather than the definition espoused by Liberty Mutual.

Plaintiffs' motion seeks "partial summary judgment as to the breach of contract" claim (Dkt. 17 at 17). Plaintiffs request the following relief: (1) an order granting partial summary judgment on the breach of contract claim on the basis of Liberty Mutual's failure to conduct an investigation as required by § 627.707, *Florida Statutes*; (2) an order granting partial summary judgment on their argument that the definition of "structural damage" in § 627.706 cannot be applied retroactively; and (3) an order granting partial summary judgment on the proper definition of "structural damage" (*see* Dkt. 17 at 3-4).

### *Plaintiffs Are Not Entitled to Partial Summary Judgment for a Violation of § 627.707*

As Liberty Mutual correctly argues, § 627.707 does not provide an independent cause of action against an insurance company for failing to hire a contractor to perform a geotechnical investigation to exclude sinkhole activity as a contributing cause of the loss. In *QBE Insurance Corp. v. Chalfonte Condominium Apartment Association, Inc.*, the Florida Supreme Court explained that the "primary guide in determining whether the Legislature intended to create a private cause of action is the 'actual language used in the statute.'" 94 So. 3d 541, 551 (Fla. 2012) (quoting *Borden v. E.-Euro. Ins. Co.*, 921 So. 2d 587, 595 (Fla. 2006)). There is nothing in the text of § 627.707 "from which one can deduce that the Legislature intended an insured to have a private right of action against an insurer" for failing to hire a contractor to perform a geotechnical investigation. Summary judgment will therefore be denied on this contention.

In any event, Plaintiffs did not allege a cause of action based on a failure to hire a contractor

to perform an investigation, and summary judgment may be properly denied on that basis. *See Marlborough Holdings Group, Ltd. v. Azimut-Benetti, SpA, Platinum Yacht Collection No. Two, Inc.*, 505 Fed. Appx. 899, 907 (11th Cir. 2013) (affirming district court's grant of summary judgment on civil conspiracy claims not separately pled); *Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc.*, 496 F.3d 1231, 1247 (11th Cir. 2007) ("Because such a claim was not pled by Optimum, the district court was not required to address such a claim in ruling on HCA's summary judgment motion.").

### *The Definition of "Structural Damage" in § 627.706 Will Not Be Applied Retroactively*

To the extent Plaintiffs seek summary judgment precluding the retroactive application of the definition of "structural damage" adopted in § 627.706 (SB 408) to their claim, this Court previously found that the definition could not be retroactively applied (Dkt. 15). That decision constitutes law of the case. Accordingly, summary judgment need not be granted to reinforce it.

### *"Structural Damage" Will Be Defined as "Damage to the Structure"*

Finally, Plaintiffs seek summary judgment on the proper interpretation of the phrase "structural damage" in the policy. As this Court decided in *Avramides v. Liberty Mutual Fire Insurance Co.*, Case No. 8:12-cv-2104-T-27TGW (M.D. Fla.), and as decided in *Ayres* and *Zawadzki*, this phrase will be defined as "damage to the structure." *See Ayres*, 2012 WL 1094321, at *4; *Zawadzki*, 2012 WL 3656456, at *6. On that issue, Plaintiffs are entitled to partial summary judgment.[1]

### *Conclusion*

Plaintiffs' Motion for Partial Summary Judgment (Dkt. 17) is **GRANTED** ***in part*** and

---

[1] The supplemental authority submitted by Liberty Mutual (Dkt. 21) has been reviewed, but there is no reason to depart from *Avramides*.

**DENIED** *in part*. The motion is **GRANTED** to the extent that the term "structural damage" in the policy is defined as "damage to the structure." Since this definition is contrary to the definition urged by Liberty Mutual in its Counterclaim, the Clerk is directed to **ENTER** final judgment on the Counterclaim (Dkt. 3) in favor of Plaintiffs/Counter-Defendants Andres Franqui and Gladys Franqui and against Defendant/Counter-Plaintiff Liberty Mutual Fire Insurance Company.

In all other respects, the motion is **DENIED**.[2]

**DONE AND ORDERED** this 6th day of November, 2013.

JAMES D. WHITTEMORE
United States District Judge

Copies to: Counsel of Record

---

[2] To the extent Plaintiffs seek summary judgment on the breach of contract claim, the motion is denied. As Liberty Mutual correctly argues, Plaintiffs have not demonstrated that "there is no genuine dispute as to any material facts and [Plaintiffs are] entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

4